## COLTART *vs.* LAUGHINGHOUSE.

[DETINUE FOR SLAVES.]

1. *Competency of witness, as affected by interest.*—Where an execution against a partnership is levied on a slave, and a purchaser from one of the partners brings detinue to recover the slave, the other partner is a competent witness for the defendant, (Code, § 2302,) since a judgment against him would not be competent evidence against the witness in a subsequent suit.

2. *Assignment of error not supported by exception.*—Where the exclusion of a witness is assigned as error, while the bill of exceptions shows that only a portion of the witness' testimony was excluded, the assignment of error does not cover the ruling of the court.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. S. D. HALE.

THIS action was brought by George W. Laughinghouse and Fleming Jordan, against Robert W. Coltart, to recover several slaves, together with damages for their detention. The bill of exceptions is as follows: "On the trial of this cause, the defendant introduced judgments rendered in said court, and executions issued thereon; one of said judgments being in favor of Wiley, Banks & Co., against John W. Weaver, William Derrick, and Robert Freeman; another, in favor of Gardner, Shepherd & Co., against John W. Weaver and Samuel M. Weaver, as partners under the style of John W. Weaver & Co.; and another in favor of L. B. Fite & Co., against the same; and executions issued upon said judgments, and levied on the slaves in controversy. Defendant then introduced Samuel M. Weaver as a witness; to whose competency the plaintiffs objected,

Said witness stated, on his *voir dire*, that he was not a partner of John W. Weaver, although the judgments and executions above named introduced him as one of the partners; that articles of partnership had been drawn up between him and John W. Weaver, and said partnership business was carried on in the partnership name; but said contract had never been complied with, and therefore he did not consider himself a partner. The court sustained the objection, and excluded the witness; to which the defendant excepted. It was in evidence, also, that plaintiffs claimed the slaves by purchase from John W. Weaver. Defendant also introduced executions, issued from said court, in favor of Morgan & Co. and Duncan, Morgan & Co., against said John W. Weaver & Co., which had been levied on the slaves in controversy only a few days before the executions above named; and [offered?] to prove by Gen. L. P. Walker, that [said] executions were satisfied by plaintiffs; to which testimony of Gen. Walker plaintiffs objected, and the court sustained their objection; to which the defendant excepted. It was also shown by plaintiffs' testimony, that said Fleming Jordan had paid, as the administrator of one McCartney's estate, a sum of money for which McCartney was bound as endorser for said John W. Weaver, as part of the purchase-money for said negroes, there being no testimony to show that there was any special understanding and agreement between said Jordan and Weaver to that effect; and the defendant asked the court to charge the jury, that a payment made by Jordan as administrator, as stated, could not be claimed by him as purchase-money paid to Weaver for his individual benefit. All of which is signed," &c.

It is now assigned as error—1st, that the court below erred in excluding Samuel M. Weaver as a witness; 2d, "in excluding L. P. Walker as a witness, as shown in the bill of exceptions;" and, 3d, "in refusing the charge asked by defendant, as shown in the bill of exceptions."

S. D. J. MOORE, for appellant.

ROBINSON & JONES, *contra.*

R. W. WALKER, J.—We are not able to perceive any ground on which to hold that the witness Weaver was incompetent to testify for the defendant. Under the Code, (§ 2302,) the competency of a witness depends upon the question, whether the verdict and judgment would be evidence for him in another suit; and the test whether they would be evidence for him, is the inquiry, would they be evidence against him if adverse to the party introducing him? In other words, the witness is competent, unless the verdict and judgment would be evidence for or against him in another suit, according as they may be for or against the party calling him. As a judgment in this case against the defendant would, as to the witness Weaver, be *res inter alios acta*, and, therefore, could not in any subsequent suit be evidence against him, he was not incompetent.—*Harris v. Plant*, 31 Ala. 644; *Blakey v. Blakey*, 33 Ala. 618; *Nesbitt v. Pearson*, 33 Ala. 673; *Atwood v. Wright*, 29 Ala. 346; *Moore v. Lea*, 32 Ala. 375.; *Rupert v. Elston*, 35 Ala. 86; *Crutchfield v. Hudson*, 23 Ala. 393.

[2.] The second assignment of error is, that the court erred in excluding Gen'l L. P. Walker as a witness. The record does not show that this witness was excluded, but simply that a part of his testimony was rejected; and this ruling of the court is not covered by the assignment of error.

The third assignment of error is unsupported by any exception in the court below. The defendant asked a charge; but the bill of exceptions does not show that it was refused, or that any exception was taken by the defendant.

Judgment reversed, and cause remanded.