# ANDREW A. RICHARDSON

## *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CONTINUANCE—*Requisites of affidavit—diligence.* Upon an application for the continuance of a cause on the ground of absence of material witnesses, the affidavit, without showing any diligence in trying to procure their attendance, set forth that the witnesses enlisted as private soldiers in the army of the United States, at a given time, and were still in the service, and had ever since their enlistment, been absent from the county. This was not enough ; it .should have been shown where the witnesses were at the time the application was made, so that the court could know that they were not within its jurisdiction.

The affidavit should show, either that efforts had been made to procure the attendance of the witnesses, or that such efforts would have been ineffectual for that purpose.

2. The affidavit should also show that there is a reasonable prospect of obtaining the testimony of the witnesses at some future time.

3. DEPOSITIONS—*in cases of misdemeanors.* In cases of misdemeanors, the depositions of absent witnesses may be taken by consent.

4. DEPOSITIONS—*withholding consent—continuance.* So, in a case of prosecution under the Bastardy Act, if it appear that the attendance of material witnesses on the part of the defendant cannot be procured, he may offer to join in a commission with the opposite party to take their depositions ; and, it appearing that due diligence has been employed, if such offer be not accepted, the court, in its discretion, may grant continuances from term to term, until the other party will join in the commission.

Richardson *v.* People.

5. If, in such case, the commission be joined in by both parties, then the court will continue the cause until the next term.

APPEAL from the Circuit Court of the county of La Salle; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a proceeding in the court below, in the name of The People, etc., against Andrew Richardson, under the statute in relation to bastardy.

At the November term, 1862, of that court, the defendant, Richardson, entered his motion for a continuance, and in support thereof, presented the following affidavit:

"THE PEOPLE, ETC.,
*v.* } *La Salle County Circuit Court, Nov. Term, A. D.* 1862.
ANDREW A. RICHARDSON. }

"Andrew A. Richardson, the defendant in the above entitled cause, being duly sworn, saith, that John Johnson and Ole Halverson are each material witnesses for defendant on the trial of the above entitled cause; (setting forth the facts expected to be proven by the witnesses.) John Johnson is about twenty-two years old, and said Halverson is a man about twenty years old; that he knows of no other witnesses by whom he can prove the same facts. Both said Johnson and Halverson are now in the service of the United States, in the third regiment raised by the Board of Trade of Chicago. Affiant believes it to be the 82nd Regiment of Illinois Volunteers. Affiant does not know where said regiment now is; but both of said witnesses enlisted as private soldiers in said regiment in the month of September last, and have ever since been absent from this county, and by reason of the fact that said witnesses are in the service of the government as soldiers, it has been impossible for affiant to procure their attendance at this term of this court.

"ANDREW A. RICHARDSON.

"Subscribed and sworn to," etc.

The Circuit Court overruled the motion for a continuance; and exception was taken. The trial of the cause being proceeded with, resulted in a verdict that the defendant was guilty of the charge of bastardy.

The defendant thereupon moved for a new trial, which was denied; and judgment entered against him, in pursuance of the verdict of the jury. He took this appeal, and now insists that the Circuit Court erred in overruling his motion for a continuance; and in refusing to grant a new trial.

Mr. J. B. RICE, for the appellant, contended that the affidavit for a continuance was sufficient under the act of May 3rd, 1861. Sess. Acts., Ex. Session, p. 26.

Messrs. GRAY, AVERY & BUSHNELL, for the appellees, insisted that the affidavit did not show sufficient diligence.

Mr. D. P. JONES, State's Attorney, presented the following points and authorities:
The motion for a continuance was properly overruled,

1. Because the affidavit does not show that the witnesses were within the reach of the process of the court. 8 East, 37; 3 Burrows, 1514; 1 Wm. Blackstone, 514; 1 Mass. R. 6; 2 Halstead R. 220; 3 Brevard, 304; 1 Const. R. 234; Sumner's R. 19.

2. Because no facts are set forth showing diligence, or that efforts to procure the attendance of the witnesses would have been unavailing. 5 Leigh R. 775.

3. Because it does not appear that the defendant expected, or was able, to procure the attendance of the witnesses at any succeeding term. 9 Dana, 302.

Mr. JUSTICE WALKER delivered the opinion of the Court.

It is objected, that the court below erred in overruling the appellant's motion for a continuance. This depends upon the sufficiency of the affidavit upon which the application was based. The affidavit does not state that any efforts had been made, or, if made, that they would have been ineffectual to have procured the attendance of the witnesses. It fails to state where they were at the time of the application;

but simply, that they were in service in the United States army. For aught that appears, they may have been within the jurisdiction of the court. The court cannot, judicially, know that the regiment to which they are attached, is beyond the reach of its process.·

Again, there is no statement that affiant has any expectation of procuring the testimony of these witnesses by the next term of the court. It would be erroneous to grant a continuance unless there was a reasonable prospect of obtaining the desired evidence, at some future time. Unless the party can state that he has reasonable grounds to believe, that it can be made available, the party is in the situation of any party, who is unable to prove a fact for the want of evidence. The object of granting a continuance is, that justice may be had thereby, and not merely to prevent a recovery against the party. We think this affidavit fails to show the employment of proper diligence to have authorized the court to allow the motion.

If it had appeared that the witnesses were so situated that their attendance could not be procured, the appellant might have offered to join in a commission, to take their depositions. If it had appeared that the evidence was material, and that due diligence had been employed, and such an offer had been made, the court in its discretion might, in case the other party had refused to join in the commission, have granted continuances from term to term until they did join in the commission. And if such an application and offer had been made, and the other party had accepted it, the court would have continued it until the next term. In cases of misdemeanors, depositions of absent witnesses may be taken by consent. *The King* v. *Marphew*, 2 Maul. & Sel. 602 ; Roscoe's Crim. Ev. 55.

The appellant failed to show sufficient grounds for a continuance, and the judgment is affirmed.

*Judgment affirmed.*