# Rogers *v.* The State.

## *Indictment for an Assault with a Weapon.*

1. *Pleading and practice; proceedings when indictment quashed.*
   Where a demurrer to one of the two counts in an indictment
   is sustained, the court may, under the provisions of the
   statute (Code, § 4922), order another indictment to be pre-
   ferred for the offense charged or intended to be charged, re-
   quiring the defendant in such case to be held to answer a new
   indictment, when subsequently preferred by the grand jury.

2. *Same; same; when entry of record relating to quashing indict-
   ment sufficient.*—Where, after a demurrer to an indictment
   has been sustained and the court quashes the indictment, a
   minute entry which, after adjudging the demurrer sustained
   and ordering the indictment quashed, contains the further
   order "that the said defendant be and is hereby required to
   enter into bond in the sum of two hundred dollars to answer
   a new indictment for said offense, to be preferred by the
   grand jury impannelled for the next term of this court," is
   a sufficient compliance with the statute, (Code, § 4922), which
   requires an entry of record to be made setting forth the fact
   of the quashing of the indictment and ordering a new indict-
   ment to be preferred.

3. *Assault; admissibility of evidence.*—On a trial under an indict-
   ment for an assault, where it is shown that the assault occur-
   red in a difficulty resulting from the person assaulted having
   killed the defendant's dog, the kind or character of the dog
   killed is immaterial; and evidence in reference thereto is in-
   admissible.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant, E. A. Rogers, was indicted, tried and
convicted for an assault. This is the second appeal in
this case. The assault was committed in September,
1896. At the January term of the Gadsden City Court,
an indictment was preferred against the defendant.
This indictment contained two counts. The first count

charged an assault with a pistol, and the second count charged that the defendant assaulted "Tony Stallings with a rock, or brick, or other missile of like kind." In August, 1897, the defendant was tried under this indictment. and demurred to the second count of the indictment upon the ground that it was vague, uncertain and indefinite as to the character of the weapon used. This demurrer was overruled. On appeal to this court it was held that the demurrer should have been sustained; and the judgment of conviction was reversed and the cause remanded. Upon the remandment of the cause, the case against the defendant being called on February 16, 1898, the defendant demurred to the indictment upon the same grounds, and the court sustained the demurrer and ordered the indictment quashed. It was further ordered that the defendant be required to enter into a bond to answer the indictment.

In July, 1898, a new indictment was preferred, which was the one under which the defendant was tried in the present case. This indictment contained but one count and charged that the "defendant assaulted Tony Stallings with a rock, or lump of coal or a pistol, against the peace and dignity of the State of Alabama."

On the trial of the cause, the evidence for the State tended to show that the defendant was guilty of the offense charged. The State introduced in evidence the first indictment which was preferred against the defendant. To the introduction of this indictment the defendant objected, upon the ground that it was irrelevant, incompetent and illegal evidence. The court overruled the objection, and the defendant duly excepted. The State then introduced the record proceedings under said indictment which were set forth in the minutes of that term of the court. This record entry was as follows: "On this, the 16th day of February, 1898, comes the State by her solicitor, and also comes the defendant in person and by attorneys, and demurs to the indictment in this case upon the grounds specifically set forth in said demurrer, and upon due consideration it is ordered by the court that said demurrer be and the same is hereby sustained, and that said indictment be and the same is here-

by quashed. It is further ordered by the court that the said defendant be and is hereby required to enter into bond in the sum of two hundred dollars to answer a new indictment for said offense to be preferred by the grand jury empanneled for the next term of this court, and upon the defendant entering in said bond with good and sufficient security conditioned as the law directs, to be approved by the sheriff of Etowah county, the sheriff is hereby commanded to discharge said defendant from actual custody." The defendant objected to the introduction of said minute entry upon the ground that it was illegal, immaterial and irrelevant evidence. The court overruled the objection and the defendant duly excepted.

Upon the examination of Tony Stallings as a witness for the State, he testified, among other things, that he had killed the defendant's dog, and that the assault complained of resulted from a difficulty about the killing of said dog. Upon the cross-examination of this witness, the defendant asked him the following question: "That was a little bit of a dog you killed, wasn't it?" The State objected to this question, the court sustained the objection, and the defendant duly excepted. The defendant then asked the witness if the dog killed was not a pet dog? The State objected to this question, the court sustained the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give the same as asked.

BURNETT & CULLI, and N. G. CANNING, for appellant, cited Code, § 5075; *Turner v. State,* 40 Ala. 21; *Salm v. State,* 89 Ala. 56; *Coleman v. State* 71 Ala. 312; *Bube v. State,* 76 Ala. 73; *Jackson v. State,* 106 Ala. 136; Wharton on Crim. Pl. & Pr., § 317.

CHAS. G. BROWN, Attorney-General, for the State. Whenever an indictment is defective and can not be proceeded with advantageously to public justice, or with-

out doing a wrong to the defendant, the court at common law has an inherent right to quash the indictment and also without the statute to hold accused to answer a new indictment when the same is quashed for any cause.—1 Bishop New Crim. Procedure, § 758, and note 3 ; pp. 453-454, § 764 ; *Ex parte Graves,* 61 Ala. 381 ; *Godden v. State,* 35 Ala. 430.

McCLELLAN, C. J.—The original indictment presented against Rogers was defective.—*Rogers v. State,* 117 Ala. 192. While it is true that the defect was in the second count only and that the first count sufficiently charged an assault with a pistol, (not a simple assault as inadvertently said on the former appeal), the defect was none the less a defect in the indictment considered as a whole within the letter and spirit of section 4922 of the Code, for which, as therein provided, the city court was authorized to quash the indictment generally on sustaining defendant's demurrer to the second count, and to hold him to answer another indictment to be preferred by the grand jury. Of course it was within the court's competency to sustain the demurrer and eliminate only the count to which it was addressed, proceeding to trial on the good count; but it might well have been to the last degree important to the prosecution and to the ends of justice that the charge intended to be preferred by the defective count should be properly presented ; and it was to prevent just such failure of justice as might result from requiring the State to proceed on the good count, which may have been put in the indictment merely out of abundance of caution and not intended to present the actual offense committed, that the court was given the power by this statute to quash the indictment as an entirety and hold the defendant to answer a new one. The statute thus construed in and of itself supports the action of the trial court against any argument which may be drawn from such general principles as are declared in *Rose v. State,* Minor, 28, and *Turner v. State,* 40 Ala. 21, in which the statute had no application.

The entry of record shown in this case was sufficient

under the section in question. The requirement there is that "an entry of record must be made setting forth the facts." The "facts" here intended are that the court adjudged the indictment bad for defects therein and held the defendant to answer another indictment. The entry adduced in evidence on the trial under the new indictment sets forth these facts with certainty to a common intent. This matter does not come within sections 4917-18 of the Code relating to variances and the particular prescription of the entry under those sections has no application here.

The testimony offered by defendant tending to aggravate the conduct of Stallings in killing defendant's dog, as that it was a very small dog, etc., etc., was properly excluded. As was said on the former appeal with reference to evidence relating to the killing of the dog: "The facts proposed to be proven * * * were too remote to throw any legal light upon any proper constituent of the alleged assault, especially in the light of the other evidence."—*Rogers v. State,* 117 Ala. 192, 195.

Affirmed.

