# CASES

IN THE

# SUPREME COURT OF ALABAMA.

NOVEMBER TERM, 1900.

## Lusk *v.* The State.

### *Bastardy Proceedings.*

1. *Bastardy; impeachment of witness; when evidence of character of prosecutrix admissible.*—In a bastardy proceeding, where the prosecutrix, after having testified to the material facts charged, further testified, on cross-examination, that covering the time inquired about with reference to the defendant, she had been visited by and associated with other men, and further that she had stated on preliminary trial before the justice of the peace that "she had never kept company with any other young man but the defendant," and there was other evidence introduced by the defendant showing that the prosecutrix was visited by and associated with other young men than the defendant, it is competent for the State in rebuttal, to support her credibility, to introduce evidence of the prosecutrix' general good character and of her good character for truth and veracity; such attempt to impeach her supplying the predicate for rebutting character evidence.

2. *Same; charge to the jury.*—In a bastardy proceeding, a charge which instructs the jury that if they "reasonably believe the weight of the evidence is on the side of the State and that the defendant is the father of the child, they should find that the defendant is the father of the child," is free from error and properly given at the request. of the State.

3. *Same; same.*—In such a case, a charge which instructs the jury that "The burden is on the State to convince you that the defendant is the father of the child, and if on considering the whole of the testimony, you are not satisfied of this fact, you should return a verdict for the defendant," is erroneous and properly refused, in that it exacts too high a degree of conviction on the part of the jury.

4. *Same; same.*—In a bastardy proceeding, where it was shown the bastard child was born December 20, 1899, and there was evidence on the part of the State that the defendant had been criminally intimate with the prosecutrix many times between November, 1898, and April 23, 1899, and the defendant testified that he had no criminal relations with prosecutrix from January 4, 1899, to April 23, 1899, a charge is erroneous and properly refused which instructs the jury that "the fact that the defendant had sexual intercourse with the prosecutrix on and before January 4, 1899, and on April 23, 1899, is not sufficient to convict the defendant, and if the State has not reasonably satisfied you that the defendant had sexual intercourse with prosecutrix between these dates you should acquit the defendant."

5. *Same; same.*—In a bastardy proceeding, where criminally intimate relations are shown to have existed between defendant and the prosecutrix, a charge is properly refused as being a mere argument, which instructed the jury that "the fact that the defendant had sexual intercourse with the prosecutrix makes no difference if the defendant is not the father of the child."

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

This was a bastardy proceeding, in which the prosecutrix, Mary E. Potter, an unmarried woman, charged the appellant, George W. Lusk, with being the father of her illegitimate child.

The evidence for the State tended to show that the defendant was guilty as charged. The prosecutrix, as a witness, testified that she had been criminally intimate with the defendant Lusk at various times from November 1898, until April 23, 1899; and that the child was born on December 20, 1899.

The evidence for the defendant tended to show that the lewdness of the prosecutrix did not enable her to charge him with the paternity of her child. The other facts of the case relating to the rulings of the trial court reviewed on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "The fact that the defendant had sexual intercourse with the prosecutrix on and before January 4th, 1899, and on

[Lusk v. The State.]

April 23d, 1899, is not sufficient to convict the defendant, and if the State has not reasonably satisfied you that the defendant had sexual intercourse with prosecutrix between these dates, you should acquit the defendant." (3.) "The burden is on the State to convince you that the defendant is the father of the child, and if on considering the whole of the testimony, you are not satisfied of this fact, you should return a verdict for the defendant." (4.) "The fact that the defendant had sexual intercourse with the prosecutrix makes no difference if the defendant is not the father of the child."

There were verdict and judgment finding the defendant guilty as charged. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. E. BROWN and S. W. TATE, for appellant.—The court' erred in admitting the testimony relative to the character of the prosecutrix for truth and veracity. Such character on her part had not been put in issue.—*Bell v. State*, 124 Ala. 94; *McDaniel v. State*, 76 Ala. 1; *Baucum v. George*, 65 Ala. 259; *Moone v. Crowder*, 72 Ala 79; *M. & G. R. R. Co. v. Williams*, 54 Ala. 16.

CHAS. G. BROWN, Attorney-General, for the State, cited *Torrey v. Burney*, 113 Ala. 504; *Prince v. State*, 100 Ala. 144; *Bell v. State*, 127 Ala. 414.

McCLELLAN, C. J.—This is a bastardy proceeding. The State introduced the prosecutrix as a witness, and, she having testified to the material facts charged, rested its case. The defendant on the cross-examination of this witness elicited the fact that, covering the time inquired about with reference to Lusk, she had been visited by and associated more or less with other men, and further that she had "told the justice of the peace on preliminary trial [of this defendant] that I had never kept company with any other young man but the defendant." On behalf of the defense there was adduced the testimony of several other witnesses going to show that the prosecutrix had "kept company" with other young men than the defendant. All this testimony was received without objection, so that no question of its materiality arises: and having been treated and doubtless made to do the offices of material testimony on the trial, the principle that a witness cannot be impeached by evidence of contradictory statements as to immaterial

matters can have no application in the premises, even if these were absolutely immaterial matters, which we do not decide. That this evidence of what the prosecutrix testified on the preliminary hearing and of facts going to show that what she then deposed was untrue was in the nature of impeachment of her credibility as a witness on the final trial, there can, we think, be no question. Being such, it was clearly competent for the State in rebuttal to support her credibility by evidence of her general good character and of her general good character for truth and veracity. The attempt to impeach her supplied the predicate for rebutting character evidence which was lacking in the case of *Bell v. State,* 124 Ala. 94, and in other cases of that line of authority; and the evidence was properly admitted on the principles recognized in those cases.

At the request of the State the court gave the following charge: "If the jury reasonably believe the weight of the evidence is on the side of the State, and that Geo. W. Lusk, the defendant, is the father of the child, they should find that the defendant is the father of the child." This is a civil case, in which a reasonable belief that the weight—preponderance—of the evidence is on the side of the State does not require nor necessarily justify a conviction. But this feature of the instruction is qualified by the succeeding clause directing a conviction only in case the jury shall further "reasonably believe" that the defendant is the father of the child. So that taken altogether the charge means that the jury must convict if they are impressed that the preponderance of the evidence in favor of the State is sufficiently great to cause them to reasonably believe that the defendant is the father of the child. Thus construed, the charge is good if reasonable belief on the part of the jury that the defendant is the father of the child amounts to that degree of conviction or satisfaction which would exist in the minds of the jurors as the basis for a verdict in a civil case. The rule in this connection has over and over again been declared by this court to be that the jury should be "reasonably convinced" or "reasonably satisfied" of the facts upon which

the verdict is rested.   We have found no case passing upon a charge which substitutes the expression "reasonable belief."   But there have been very many cases approving charges which declared that if the jury "*believed*" so and so their verdict should be thus and so; and it is scarcely conceivable that such charges could have been rendered vicious by requiring that the jury should *reasonably* believe the facts necessary to a verdict.   But, to the contrary it has been several times declared by this court that a *rational belief* on the part of the jury was the equivalent of that "reasonable conviction" and "reasonable satisfaction" which upon all the authorities justify and require verdicts, and, of course, a charge that the jury should find for a given side if they "reasonably believe" the facts necessary to such verdict is essentially the same as an instruction to so find if they have a "rational belief" of such facts. *Rowe v. Baber*, 93 Ala. 422; *Lehman Bros. v. McQueen*, 65 Ala. 572; *May's Admr. v. Williams*, 27 Ala. 267, 273; *McWilliams v. Phillips*, 71 Ala. 81.   Upon these considerations and authorities we hold there was no error in giving this charge.

The jury need not be absolutely satisfied that the defendant is the father of the child; and hence charge 3 requested by defendant would have exacted too high a degree of conviction and was properly refused.

Charge 2 was properly refused to the defendant.   The period of gestation is not an absolutely fixed period as this request for instruction assumes.

Charge 4 asked by defendant is a mere argument; and if it were not, we cannot conceive how the defendant was injured by its refusal, asserting, as it did, a fact recognized in the pleadings, confessed by everybody and already stated in the charge of the court.

Affirmed.