# Davis *v.* The State.

*Selling Liquor Without License.*

[DECIDED APRIL 19, 1906, 40 So. REP. 663.]

1. *Intoxicating Liquors; Prohibition Sale; Statute; Constitutionality.*—The act prohibiting the sale of spirituous, vinous or malt liquors in Wilcox county (Acts 1882-83, p. 234) is not repugnant to the constitution so far as it prohibits the sale of such liquors, even if it be so as to its other provisions.

2. *Same; Regulations; Statutes; Construction.*—The act authorizing the establishment of the dispensary in the town of Cam-

den (Acts 1900-01, p. 1082) does not repeal the act prohibiting the sale of liquor in Wilcox county (Acts 1882-83, p. 234), except within the town of Camden.

3. *Criminal Law; Statute of Limitations; Order on Motion to Quash.*—When an indictment is quashed on motion of the solicitor for defects appearing therein, and the court enters an order stating facts sufficiently showing that order and an order binding the defendant over to answer another indictment for the same offense, the time elapsing between the first indictment and the preferring of another indictment for the same offense does not run against the second indictment, under the provisions of § 5075 of the Code of 1896.

4. *Witnesses; Examination; Privileges of Accused.*—One indicted for selling liquor without license, who becomes a witness for himself, and denies selling to the state's witness, may be asked if he had not obtained a license from the Internal Revenue Department of the United States authorizing the sale of such liquor, and the proof of such license may be made by parol under § 5086, Code of 1896.

5. *Criminal Law; Trial; Objections to Testimony.*—A general objection to a question propounded to a witness is not sufficient to raise the point as to whether such question was too indefinite as to time and place.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

The defendant in this case, after the demurrers to the indictment had been overruled, set up the statute of limitations of one year as a bar to the further prosecution of the suit. It appeared that an indictment was found against him for the same offense at the fall term, 1903, which on motion of the solicitor was quashed, whereupon the court made the following order: The State of Alabama v. Clinton Davis. Indictment for Violating Prohibition Law. Comes the State by its solicitor, and also comes the defendant, into open court, and in his own proper person and also by counsel, and the solicitor moves the court to quash the indictment upon the grounds set forth in said motion, to wit, from defects in said indictment arising out of a partial unconstitutionality of the act under which said indictment was found, as decided by the Supreme Court of Alabama in the case Emma Watson, which motion, being duly argued by counsel and understood and considered by the court, is

[Davis v. The State.]

granted. It is therefore considered by the court, and it is the judgment of the court, that said indictment be and the same is, hereby quashed. And it appearing to the court that the defects in said indictment arose out of the unconstitutionality of the law, and that another indictment should be preferred against the defendant, it is ordered by the court that another indictment against said defendant for the same offense be found at the next term of this court, and that he give good and sufficient bond in the sum of $100 for his appearance at the next term of this court to answer said new indictment, and that the sheriff take and approve the same." It was shown that the defendant gave bond at the fall term to answer for his appearance at the next term of the court to meet any indictment the grand jury might prefer against him for the same offense, which was done after the indictment was quashed. The indictment under which he was being tried was found at the next term of the court, but more than 12 months after the commission of the offense charged. It was shown, over a general objection by the defendant, that the defendant had procured a license from the United States government for the sale of whiskey.

N. D. Godbold, for appellant.—1. The demurrers of defendant to the indictment should have been sustained The prohibition law for Wilcox county, Acts 1882-1883, p. 234, is unconstitutional and void in the several particulars raised by the demurrers.—*Randolph v. Supply Co.,* 106 Ala. 501; *Yahn v. Merrit,* 117 Ala. 485; *Miller v. Jones,* 80 Ala. 96; *Bogan v. State,* 84 Ala. 449; *McCrary v. State,* 73 Ala. 480; *Vines v. State,* 67 Ala. 73; *Powell v. State,* 69 Ala. 10; *Watson v. State,* 140 Ala. 135. If the invalid portions of said Act are stricken out, it is not clearly manifest that the legislature would have enacted the remainder, and if not, the whole act is unconstitutional.—Amer. & Eng. Enc. of Law, 2nd Ed., Vol. 26, p. 596 (b); *Yerby v. Cochran,* 101 Ala. 541; *Randolph's case,* 106 Ala. 501..

The act creating a dispensary (local acts 1900-1901, p. 1082) repeals the prohibition law, the repealing clause

in said act is broad and unconditional. 2. The defendant's motion for his discharge should have been granted as the former indictemnt charged no offense and the record failed to set out the true facts of the case, and the statute of limitations was not suspended.

Code of 1896 Sec. 4922; *Bube v. State*, 76 Ala. 73; *Coleman v. State*, 71 Ala. 312; *Martin v. State*, 79 Ala. 267; *Foster v. State*, 38 Ala. 425; *Weston v. State*, 63 Ala. 155.

3. The court erred in allowing the solicitor to ask defendant "if he did not have U. S. revenue license to sell whiskey," and said evidence was incompetent unless the State had gone further and proved that defendant had such license to sell whiskey in Wilcox county, Alabama during the year 1903, and this the State failed to do.

Code 1896, Sec. 5086.

MASSEY WILSON, Attorney-General for State.—Exception 1. Conceding that the motion of the defendant to discharge him raised the question of the sufficiency of the evidence, the motion was rightly overruled. The sale was shown to have been made in 1903. The grand jury at the fall term 1903, returned an indictment for that offense, which indictment was quashed on the motion of the State at the fall term 1904, for defects therein. Under section 5075 of the Code the statute of limitations was suspended upon the quashing of the first indictment.

The defects in the first indictment sufficiently appear from the judgment entry and by reference to the indictment. In the case of *Emma Watson v. State*, 140 Ala. 134 an indictment in the same language was held subject to demurrer because of certain unconstitutional features of the prohibition law. In the judgment entry this case is referred to *co nomine*. The action of the court was entirely proper and the indictment was rightly quashed.

2 and 3. The defendant testified that he did not sell whiskey in the year 1903, and on the cross the solicitor asked him, "did you not have United States license to sell whiskey, to which question the defendant objected,

the court overruled his objection and the defendant excepted."

Under section 5086 of the Code it was competent to prove that the defendant had obtained a license from the United States. The defendant by reason of being such was not entitled to decline to testify. When he exercised the privilege of testifying he waived "the contitutional right to protection against compulsion to give evidence against himself."—*Smith v. State,* 137 Ala. 22, 3 h. n. 28.

In brief of opposing counsel the objection is made that the question was not limited to showing that the defendant had a license during the year 1903. Doubtless, if the point had been made in the trial court the question would have been so limited. The objection made, however, was a general one and the question did not call for evidence illegal or irrelevant on its face.—*McClellan v. State,* 117 Ala. 140, 1 h. n. 144.

DENSON, J.—The defendant was indicted and convicted for selling vinous, spirituous, or malt liquors in Wilcox county in violation of an act of the General Assembly approved December 12, 1882, which act by its terms prohibits the sale of such liquors in said county. Acts 1882-83, p. 234. In the case of *Watson v. State,* 140 Ala. 134, 37 South. 225, this act was declared unconstitutional in part, but was expressly upheld as a constitutional enactment with respect of its provisions which relate to the kind of liquors for the sale of which the defendant was convicted in this case. On the trial the defendant assailed the constitutionality of the act by demurrer. The grounds of the demurrer, which present the proposition that, with the portions of the act which have been declared invalid stricken out, it is not clearly manifest that the General Assembly would have enacted the law, are precluded by the former decision, and we see no reason for departing from the ruling there made.—*Watson's case, supra.* For obvious reasons it cannot be held that the act of February 14, 1901, (Laws 1900-01, p. 1082), authorizing the establishment of a dispensary in the town of Camden operated a repeal of the prohibitory act of

[Davis v. The State.]

December 12, 1882, as to that part of Wilcox county outside of the town of Camden.

The defendant was first indicted at the fall term, 1903, of the circuit court held for Wilcox county. At the fall term, 1904, the indictment was quashed for defects therein. The court ordered that another indictment for the same offense be preferred at the next term, and required the defendant to give bond for his appearance to answer such indictment. The grand jury at the spring term, 1905, preferred another indictment for the offense charged in the first. The entry of the record of facts shown in this case was sufficient under section 4922 of the code of 1896.—*Roger's case,* 126 Ala. 40, 28 South. 619. The order quashing the indictment and ordering another indictment, with the entry of facts, by express provisions of section 5075 of the code of 1896, eliminates the time elapsing between the preferring of the first indictment and the subsequent indictment from the time limited for the prosecution of the offense last charged. Consequently there was no room for the operation of the statute of limitations in the case.

The defendant testified in his own behalf, and denied that he sold any whiskey to the State's witness, Hugh Champion. Section 5086 of the code of 1896 makes it competent, upon the trial of any person for the violation of any law which prohibits the sale of vinous, spirituous, or malt liquors, to prove that such person has obtained a license from the Internal Revenue Department of the United States to sell such liquors. The statute further provides that parol testimony may be received of the existence of such license; and, the defendant having exercised the privilege given him by the statute of testifying there could be no valid objection to making proof of the issuance of the license by him.—*Smith's case,* 137 Ala. 22, 34 South. 396. If it was thought by the defendant that the question calling for proof of the license was too indefinite as to time and place, he should have specified this as a ground of objection. The general objection did not raise the point.

We have found no error in the record, and the judgment of conviction is affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.