[Smith v. The State.]

# Smith *v.* The State.

## *Bastardy.*

(Decided June 15, 1915.   Rehearing denied June 30, 1915.
69 South. 406.)

1. *Bastardy; Complaint; Sufficiency.*—A complaint averring that prosecutrix was pregnant with or delivered of a bastard child, in E. county, and that defendant was the real father, is sufficient under section 6364, Code 1907.

2. *Jury; Challenge; Bastardy Proceedings.*—Since bastardy is a proceeding sui generis, the defendant cannot complain of the action of the court in permitting him to have a struck jury, he striking six and the state striking six.   (Construing section 6374, Code 1907, with Acts 1909, p. 317, section 32.)

3. *Evidence; Relevancy.*—The same rules govern in civil and criminal cases, as to the relevancy of evidence, the test being whether the testimony conduces to the proof of a pertinent fact or act influencing the issues.

4. *Bastardy; Proceedings; Evidence.*—Evidence of defendant's flight is admissible in a proceeding of bastardy.

5. *Same.*—The fact that the defendant attempted to aid in procuring an abortion upon the pregnant woman is admissible in a bastardy proceedings.

6. *Same.*—Defendant's conduct towards the prosecutrix and the condition of his wife during the time of the meretricious relation, as well as his conduct thereafter, may be shown in a bastary proceedings.

7. *Same.*—Where such men could not have been the father of the bastard child, acts of intercourse between the prosecutrix and such other men are immaterial in a bastardy proceedings.

8. *Witnesses; Competency; Wife; Bastardy.*—A bastardy proceedings not being a criminal prosecution, the defendant's wife was a competent witness against him in such proceedings.

9. *Same.*—In a civil suit the husband and wife are competent witnesses for or against each other, except as to privileged communications.

10. *Bastardy; Evidence; Wife.*—The wife being a competent witness against the husband in a bastardy proceedings, except as to privileged communications, and having given material testimony against him, defendant cannot complain generally that she was incompetent, in such sense as to require the appellate courts to consider the error of allowing her to testify to matters of privilege.

11. *Same; Evidence.*—The good character of the prosecutrix, in a bastardy proceedings, for virtue and chastity is not in issue.

[Smith v. The State.]

12. *Appeal and Error; Objection Below; Necessity.*—In the absense of an objection taken to the matter in the court below, the defendant cannot, on appeal, complain that the court permitted evidence of the good character of the prosecutrix in a bastary proceedings.

13. *Charge of Court; Weight of Evidence.*—The weight of the evidence is for the determination of the jury, and the court will not be put in error for refusing a charge upon the weight of evidence as to flight in a bastardy proceedings.

14. *Same; Invasive of the Province of the Jury.*—Charges asserting that the defendant's flight was no evidence of his guilt, and that if a prosecutrix has intercourse with other men she could not tell who was the father of her child, were properly refused because invasive of the province of the jury.

15. *Appeal and Error; Party Entitled to Complain.*—In a bastardy proceedings a defendant may not complain because of the reduction of the verdict, the same being favorable to him.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Wade Smith was convicted of bastardy, and he appeals. Affirmed.

The following charges were refused the defendant:

(2) The fact that Wade Smith went to Georgia is no evidence of guilt.

(3) You cannot consider any evidence of flight in this case.

(4) If during the time in which the child could be conceived the woman Rena Smith had sexual intercourse with other men than defendant, then she cannot know who is the real father of the child.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ denied. —Reporter.)

ROPER & STEPHENS, and J. M. MILLER, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

BROWN, J.—(1) The complaint filed by the solicitor in the circuit court follows the statute in averring that

the prosecutrix was "pregnant with or delivered of a bastard child in Etowah county, and the state avers that Wade Smith is the real father of said child," and the demurrers interposed were properly overruled.—Code, § 6364; *Miller v. State,* 110 Ala. 85, 20 South. 392; *Brantley v. State,* 11 Ala. App. 147, 65 South. 678.

(2) In the absence of statutory provisions prescribing the number of peremptory challenges in proceedings of this character, our Supreme Court has held that the statute regulating challenges in criminal cases did not apply.—*Dorgan v. State,* 72 Ala. 173. The court in that case said: "In *State v. Hunter,* 67 Ala. 81, we pronounced the sounder and better view to be that such [bastardy] proceeding was sui generis, partaking of the nature of both a criminal prosecution and of a civil suit —or, in other words, that it was neither a civil suit, nor a criminal prosecution, but rather of a quasi criminal character. In this view of the matter, the court did not err in refusing to allow the appellant as many as six peremptory challenges, which is the number prescribed by section 4879 of the Code in the trial of misdemeanors. He could not complain that he was restricted to only four such challenges, the number allowed in the trial of civil cases.—Code, § 3016. At common law, peremptory challenges were never allowed in civil suits, but only in criminal cases punishable capitally. * * * No express provisions seems to be made by statute touching this matter in bastardy cases—a clear instance of casus omissus, unless it can be supplemented by adopting the rule applicable to civil cases, upon principles of analogy."

Subsequent to this conclusion, the statute (Code 1876, § 4879) was so amended as to allow the state four, and the defendant six, peremptory challenges in bastardy

proceedings. This provision was brought forward and codified into the subsequent Codes, and appears in the present Code, in chapter 171 dealing with bastardy proceedings, in these words: "On a trial of the issue before a jury, each party has the right to challenge six jurors peremptorily."—Code 1907, § 6374.

In section 32 of the present Jury Law (Acts 1909, Sp. Sess. 305), we find this proviso: "Provided, That in all civil cases tried by jury, the right of challenge and the number of challenges for each party and the right to have a struck jury, shall remain as now provided by law, but in every criminal case, the jury shall be drawn, selected, and impaneled as follows," etc.

It is perfectly clear from the reading of the act in connection with the quoted proviso that it was the legislative purpose that the law regulating the right of peremptory challenge should remain as set forth in the Code except as to criminal cases. The defendant demanded a struck jury and was allowed to strike from the list six names and the state allowed to strike six, and he has no ground to complain that the court refused to allow him to strike more than six.—Code 1907, § 6374; *Dorgan v. State, supra.*

(3, 4) Though the burden and measure of proof is different, the same rules govern as to the admissibility of evidence in civil suits and criminal prosecutions, and the test of relevancy is the same; that is, whether the testimony offered conduces to the proof of a pertinent hypothesis, which if sustained will influence the issue. —*Whitaker v. State,* 106 Ala. 30, 17 South. 456; *Curtis v. State,* 118 Ala. 126, 24 South. 111; *McCormack v. State,* 102 Ala. 161, 15 South. 438; *Mattison v. State,* 55 Ala. 225; 1 Wharton, Ev. § 20; *Interstate Commerce Co. v. Baird,* 194 U. S. 25, 44, 24 Sup. Ct. 563, 48 L.

Ed. 860. Jones on Evidence, § 138, states the rule thus: "Where there is such logical connection between the fact offered as evidence and the issuable fact that proof of the former tends to make the latter more probable or improbable, the testimony proposed is relevant, if not too remote. * * * It is enough if these may tend in the slightest degree to elucidate the inquiry or to assist, though remotely, to a determination probably founded on truth. * * * When there is a question whether any act was done by any person, the following facts are deemed to be relevant, that is to say: * * * Any subsequent conduct of such person apparently influenced by the doing of the act, and any act done in consequence of it or by the authority of that person. * * * And so it is relevant to prove the demeanor of a party accused of a crime or tort; his flight or concealment, and his falsehood," etc.

In view of the nature of the act with which the defendant was charged, and the proceedings against him, the court did not err in allowing the state to offer proof of flight. It had the same tendency to prove the issues in a bastardy proceeding as it would had the defendant been on trial for seduction.

(5) The same principle justifies the ruling of the court in admitting the testimony tending to show that the defendant attempted to aid in procuring an abortion.— *Miller v. State, supra.*

(6) On like principles, the evidence showing the conduct of the defendant towards the prosecutrix during the time of the alleged relation between them, and the condition of defendant's wife, and defendant's conduct immediately following the discovery of the pregnancy of the prosecutrix, was admissible.—Jones on Ev. §§ 138-144; *Miller v. State, supra.*

(7) The undisputed evidence is that the child was born on the 21st of October, so it is clear that the child could not have been begotten in the summer of 1913. Acts of sexual intercourse of the prosecutrix with other men, or testimony tending to show such, was not admissible unless they occurred within the period during which the child might have been conceived.—*Williams v. State,* 113 Ala. 58, 21 South. 463; 5 Cyc. 661 (VII K, 3c) ; Underhill, Cr. Ev. § 532. The court on this theory properly excluded the statement of the witness Porter tending to show that the prosecutrix met Rutherford at the Gulf State Steel Company's storage yards.

(8-10) The rule of exclusion that renders the wife incompetent as a witness in a criminal prosecution, with few exceptions, cannot be applied in this case.

In *Miller v. State, supra,* the Supreme Court, in passing on the right of counsel in argument to refer to the fact that the defendant, though competent as a witness in his own behalf, had failed to testify, wherein it was insisted that such comments were an infringement of the statute prohibiting such a course in criminal prosecutions, said: "A proceeding in bastardy, though penal in its character and quasi criminal, is not a criminal prosecution within the meaning of the statute. The weight of authority holds to the view that the action is a civil proceeding.—2 Am. & Eng. Ency. Law, 144. There is no such statutory provision relative to the refusal of parties to testify in civil cases. We are of opinion the exception was not well taken."

And in *Dorgan v. State, supra,* it was held that the statute regulating the right of peremptory challenge in criminal cases did not apply to a bastardy proceeding. And the authorities are uniform that the measure of proof in criminal cases does not apply to bastardy

proceedings, but that the rule applicable is that which obtains in civil suits.—*White v. State,* 170 Ala. 1, 54 South. 430; *Lusk v. State,* 129 Ala. 1, 30 South. 33; *Dorgan v. State,* 72 Ala. 173; *Miller v. State, supra;* 5 Cyc. 664 (VII, K, 4b); Underhill, Cr. Ev. § 524.

Prof. Underhill, in his work on Criminal Evidence, says: "The current of the authorities favor the view that the proceeding under the statute by which the father of a bastard is compelled to contribute toward its support is a civil action, though not in the sense of that term as it used in a statute forbidding arrest in civil actions."—Underhill, Cr. Ev. § 523.

"The rules and principles of the law of evidence which are applicable to civil proceedings are also applicable to bastardy proceedings. The defendant may be compelled to testify as the witness for the mother of the child, and in case of the absence of material witnesses their depositions may be availed of as evidence."—Underhill, Cr. Ev. § 524; *Booth v. Hart,* 43 Conn. 480; *State v. Hickerson,* 72 N. C. 421; *Richardson v. People,* 31 Ill. 170.

In *Williams v. State,* 117 Ala. 199, 23 South. 42, and *State v. Dodd,* 9 Ala. App. 65, 64 South. 169, it was ruled that a proceeding in bastardy was not a criminal case and that the rules governing civil suits requiring assignments of error on the record were applicable and essential to the right of review.

In proceedings of a civil nature, it has been repeatedly held that the husband and wife are competent witnesses for or against each other and may testify to any fact which is not within the class designated as privileged communications and tending to violate the sacred confidence of the marital relation.—*Robison v. Robison,* 44 Ala. 234; *Lang v. Waters, Adm'r,* 47 Ala. 625; *Rowland*

*v. Plummer,* 50 Ala. 193; *Sumner v. Cook,* 51 Ala. 521; *Chapman v. Holding,* 60 Ala. 533; *Miller v. King,* 67 Ala. 575; *Gordon v. Tweedy,* 71 Ala. 210.

Some of the facts testified to by the wife of the defendant were material and not within the class designated as privileged, while other facts testified to were within the class; but the only point raised by the assignment of error, and the only point insisted on in argument, is that the wife was incompetent to testify as a witness to any fact in the case, the assignments of error being as follows: "(15) The court erred in permitting Mrs. .Wade Smith to testify against her husband, Wade Smith, who was on trial.

"(16) The court erred in overruling the motion of the defendant to exclude from the jury all the testimony of Mrs. Wade Smith, the wife of Wade Smith."

There is a vast difference between the competency of a witness to testify in a given case and the right to use the witness to prove certain facts within the knowledge of the witness, however material such facts may be to the issues in the case. There may be no ground to exclude the witness from testifying in the case, but there may be sound reasons for not permitting the witness to disclose certain facts within the knowledge of the witness as to which, on grounds of public policy and for the good of society, the law deems it wise to close the mouth of the witness, and within this class are facts coming to the knowledge of the husband or wife in the marital relations as a result of their association as husband and wife.—*Campbell v. State,* 133 Ala. 158, 32 South. 635; *Egbert v. Greenwalt,* 44 Mich. 245, 6 N. W. 654, 38 Am. Rep. 262; *Bell v. Territory,* 8 Okl. 75, 56 Pac. 853.

These assignments do not raise the question that the wife was allowed to testify to facts which were privileged. To this end an appropriate assignment of error is as essential as objections to the evidence.—*Williams v. State, supra; Campbell v. State, supra; Pruett v. State,* 141 Ala. 71, 37 South. 343; *Coltart v. Laughinghouse,* 38 Ala. 190.

(11, 12) The defendant offered several witnesses whose testimony tended to show that they had each had sexual intercourse with the prosecutrix during the period that the bastard child could have been begotten, and in rebuttal the state offered the testimony of several witnesses to prove the good character of the prosecutrix for virtue and chastity prior to her pregnancy. It may be conceded that the good character of the prosecutrix for virtue and chastity was not an issue in the case.—Underhill, Cr. Ev. § 531; *Bookhout v. State,* 66 Wis. 415, 28 N. W. 179; Jones on Ev. § 153. Yet this question is not presented here for decision. The only assignment of error seeking to present this question is the twenty-eighth, which is in these words: "The court erred in permitting to the jury the testimony of good character, and character for virtue and chastity of Rena Smith, given by Jim Cox; also by Millard Fox, and Henry Abbott, Richard Hite, D. I. Wallace, Tom Posey, Jim Garnutt, E. W. Farabee, Jim Lancaster, and J. L. Snyder; also of Mrs. Will Snyder."

The record shows that all this testimony was given without objection on the part of the defendant, except a motion to exclude the answer of Jim Cox, after he had answered the question, without stating any grounds, and an objection to one question to Cox, which he did not answer; and motion to exclude the testimony of Farabee and Snyder on the ground that their testimony

showed that they did not know the character of the pros-
ecutrix, this ground being untenable because the wit-
nesses had testified that they did know her character in
this respect.

A party cannot sit silent when a question is asked
and speculate as to the answer and then put the court
in error for overruling motion to exclude it.—*W. U. Tel-
egraph Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *B.
R., L. & P. Co. v. Taylor,* 152 Ala. 105, 44 South. 580;
*Lewis v. State,* 121 Ala. 1, 25 South. 1017; *Davis v. State,*
145 Ala. 69, 40 South. 663.

The twenty-eighth assignment of error, embracing, as
it does, a mass of testimony offered and received without
objection on the part of the defendant, with other tes-
timony of like character, to which the only objection
made was a motion to exclude after it was received, is
too general to invite consideration and is unavailing to
reverse the judgment. The object of an assignment of
error is to point out specifically the matter complained
of as a basis of error.—*Jones v. Adkins,* 151 Ala. 316,
44 South. 53; *Mobile Co. v. Bromberg,* 141 Ala. 258, 37
South. 395; *Thompson v. N. C. & St. L. Ry. Co.,* 160
Ala. 590, 49 South. 340; *Driver v. King,* 145 Ala. 585,
40 South. 315; *S. A. L. Ry. v. Hubbard,* 142 Ala. 546,
38 South. 750; *Williams v. Coosa Co.,* 138 Ala. 673, 33
South. 1015; *L. & N. R. R. Co. v. Banks,* 132 Ala. 471,
31 South. 573.

It is a familiar rule that if parties elect to try their
case on immaterial evidence or issues, without objection,
they have no ground to complain; and part at least of
the evidence referred to in this assignment of error was
received without objection, and as to it the appellant
cannot complain, and this renders the assignment un-
availing.

[Thomas v. The State.]

(13) Flight is admissible only as a circumstance tending to show guilt, to be considered by the jury. It has no probative force unless it satisfactorily appears that the accused fled to avoid the consequences of his conduct. If his departure was prompted by motives consistent with innocence, this should be given due consideration by the jury in passing upon the question of his guilt or innocence; but the weight of the evidence and the inferences to be drawn therefrom is within the peculiar province of the jury.—Underhill, Cr. Ev. § 118. The portion of the oral charge excepted to thus stated the law to the jury, and there was no error therein.

What we have said as to the burden and measure of proof condemns charge 1 refused to the defendant.

(14) Charges 2, 3, and 4 were properly refused, as they were invasive of the province of the jury.

(15) The reduction of the amount of the judgment is not a matter of which appellant can complain.

We find no error in the record of which appellant can complain, and the judgment of the city court is affirmed.

Affirmed.