# Scott *v*. The State.

*Selling Liquor Without a Liccnse.*

(Decided March 2nd, 1907.    43 So. Rep. 181.)

1.    *Intoxicating Liquors; Indictment; Sufficiency.*—The allegations in an indictment for selling liquors without license that defendant sold them "outside of Camden precinct," did not render the same demurrable as averring an exception or proviso not contained in the enacting clause of the statutes, (Acts 1882-83, p. 234 and Acts 1900-01, p. 1082) as the words might have been used to negative the idea that the sale was made through the dispensary; but, whatever the purpose, the only effect of the words is to circumscribe the venue.    .    : ..

2.    *Same.*—While the averment in the indictment "that the defendant

who, at the time was in no wise connected with or acting for any lawful dispensary in Wilcox County, did," etc., was unnecessary, it did not render the indictment objectionable as setting up negatively an exception or proviso not contained in the enacting clause of the statute.

3. *Criminal Law; Evidence; Admissibility.*—Where the state had elected to prosecute for a sale to one M. and the defendant sought to show that he was not the person making the sale, it was competent to show by other witnesses other sale made by defendant at the same place and time to other persons, as tending to establish identity of defendant.

4. *Criminal Law; Instructions; Form of.*—A charge requiring an acquittal if the jury believe the evidence was bad in form and properly refused.

5. *Same; Sentence.*—A sentence to hard labor to pay costs, which fails to determine the number of days necessary to pay the same, as required by section 4532, Code 1896, is defective.

APPEAL from Wilcox Circuit Court.

Heard before the Hon. B. M. MILLER.

George Scott was convicted of an unlawful sale of liquor, and he appeals. Reversed and remanded.

The defendant was indicted as follows: "George Scott did, within the limits of Wilcox county, Alabama, and outside of Camden precinct, in said state and county, sell spirituous, vinous or malt liquors without license and contrary to law. (2) That George Scott, who at the time was in no wise connected with or acting for any lawful dispensary in said county, did, within the limits of Wilcox county, Alabama, sell spirituous, vinous, or male liquors without licenses and contrary to law, against," etc. Demurrers were interposed to this indictment as follows: To the first count, because said count contains the words, "And outside of Camden precinct, in said state and county," and said words aver an exception or proviso not contained in the enacting clause of the law creating the offense sought to be charged, and should not be said in counts, and said count is therefore bad in law. To the second count, because said count contains the words "who at the time was in no wise connected with or acting for any lawful dispensary in said county," and said words seek to set

[Scott v. The State.]

up negatively an exception or proviso which is not contained in the enacting clause of the statute creating the offense sought to be charged in said count, and said words are not necessary, and should not be in said count, and render said count bad in law, and because said count fails to aver that the dispensary referred to in said count was a dispensary where vinous, malt, and spirituous liquors were sold. These demurreis were overruled, and a trial had on the merits. At the conclusion the defendant requested the following written charges: Charge 1 was the general affirmative charge. Charges 2 and 3 required an aquittal of the defendant, if the jury believed the evidence, on the first and second counts, respectively. Defendant was sentenced to hard labor to pay fine and costs.

MILLER & BONNER, for appellant.—The court erred in overruling the demurrers to the indictment.—Acts 1882-3, page 234; 140 Ala. 134. The judgment is defective in not complying with section 4532, Code 1896. There was an election and the state should have been held to the election. The general charge as to the second count should have been given. The court knows judicially there is a lawful dispensary in said county.— 69 Ala. 235 and having averred that defendant was not connected with said dispensary it should have been proven.—99 Ala. 154; Ib. 179; 52 Ala. 124; 115 Ala. 121.

ALEXANDER M. GARBER, Attorney-General, for State. No brief came to the Reporter.

DENSON, J.—By an act of the General Assembly approved December 12, 1882, the sale of spirituous, vinous, and malt liquors is prohibited in the county of Wilcox.—Acts 1882-83, p. 234. In the case of *Watson v. State* 140 Ala. 134, 37 South. 225, reaffirmed by *Clinton Davis' Case,* 145 Ala. 69, 40 South. 663, this act is upheld as being a constitutional enactment so far as it relates to the sale of liquors mentioned in the indictment in the case we have in hand. By an act approved February 14, 1901 (Acts 1900-01, p. 1082), a

dispensary was required to be established in the town of Camden for the sale of vinous, spirituous, or malt liquors. It was held in the case of *Clinton Davis v. State, supra,* that the latter act does not repeal the prohibition act of 1882-83 as to that part of Wilcox county outside of the town of Camden; and it is manifestly true that vinous, spirituous, and malt liquors can be legally sold in Camden only through the dispensary.

The indictment contains two counts. The first is demurred to because it contains these words: "And outside of Camden precinct, in said state and county." The purpose of embracing the words in the indictment may have been to negative the idea that the sale was made through the dispensary; but, whatever may have been the purpose of the solicitor in drawing the indictment, the words demurred to do not affect its validity. They only circumscribe the venue. The second count is demurred to because it avers that "the defendant at the time was in no wise connected with or acting for any lawful dispensary in said county." The averment objected to is not necessary to the validity of the indictment, but we cannot see that it renders it at all objectionable. It is simply a negation of the fact that the sale was made through the dispensary at Camden. The third ground of the demurrer to the indictment is entirely without merit. The court committed no error in overruling the demurrer to the indictment.—*Guarreno's Case,* 148 Ala. 637, 42 South. 833.

Bossie McCondichie, the firt witness examined by the state, testified that he knew the defendant and that he bought a dime's worth of whiskey from him on Sunday, the 28th day of October, 1906, at the Baptist Pool, in Furman precinct of Wilcox county, and paid the defendant for it. The bill of exceptions recites that "on cross-examination the defendant sought to show by this witness that he was mistaken as to the defendant being the man who sold the whisky to him, and asked him if it was not a man they called 'Red,' and not the defendant, who sold him the whiskey; and the witness answered, that it was the defendant who sold him the whiskey." The same effort was made by

defendant to show mistake on the part of other witnesses for the state in respect to the identity of the defendant as the person who sold the whisky. In view of this effort to discredit the evidence of the witness in respect to the identity of the defendant, it was competent for the state to show other sales made by defendant at the same time and place to other witnesses who were examined by the state. The solicitor, it is true, elected to prosecute for the sale made to McCondichie, and the defendant could not, after such election, be legally convicted for any other sale; but we do not understand that the evidence of other sales was offered for the purpose of asking a conviction on them, or that such conviction was insisted upon, but simply as corroborative of McCondichie's evidence as to the identity of the defendant—to show that it was he, and not another, who was vending the liquor.—*McIntosh's Case*, 140 Ala. 137, 37 South. 223; *Untreiner's Case*, 146 Ala. 133, 41 South. 170.

By the state's evidence it is made to appear that a sale of whisky was made by defendant to McCondichie on the 28th day of October, 1906, in Wilcox county, and outside of Camden precinct—in Furman precinct. In this state of the proof, the general charge requested by the defendant, numbered 1, was properly refused. Charges 2 and 3, refused to the defendant, are bad in form, and for that reason, besides others, were properly refused.—*Dorsey's Case*, 134 Ala. 553, 33 South. 350.

The sentence of the defendant, as shown by the record, is defective in that it fails to determine the time required to work out the costs; and on the authority of *Linnehan's Case*, 120 Ala. 293, 25 South. 6, and Code 1896, § 4532, the judgment of the circuit court will be reversed as to the sentence and the cause remanded for further sentence in accordanc with section 4532 of the Code of 1896.

Reversed and remanded.

HARALSON, DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.