Williams allegedly robbed the same store twice. He was tried for armed robbery on a plea of not guilty, was convicted, and was sentenced to 25 years in the State penitentiary. At his trial, Williams took the witness stand only once, and this was on a motion to suppress evidence without the presence of the jury. The Court of Criminal Appeals, 350 So.2d 707, affirmed the conviction, holding that Williams' not guilty plea placed his identity in issue so as to justify admission of the victim's testimony regarding a subsequent robbery of the same store. The court stated:
 "When defendant entered his plea of not guilty, his identity became a very important issue which was not mitigated or softened due to defendant's failure to take the stand before the jury and deny his guilt or identity; nor because he failed to offer any evidence before the jury denying his confession as related by a police officer.
 "The State had a lawful right to establish the identity of defendant as the robbery culprit by competent evidence, even though redundant. The fact that she saw him a week later, when he again robbed her, was admissible even though she was positive of the first identification. This second observation of defendant tended to strengthen the first identification and tended to impress the jury that she was not mistaken. The fact that the second observation of defendant was under circumstances involving a second robbery against the same victim did not preclude the State from offering it to establish identity, which burden the State carried."
Williams petitioned for and was granted writ of certiorari on the grounds that the opinion below is in conflict with Mason v.State, 259 Ala. 438, 66 So.2d 557 (1953), and Baker v. State,19 Ala. App. 437, 97 So. 901 (1923). Pursuant to Rule 39(k) of the Alabama Rules of Appellate Procedure, he also requested addition of "the fact that the State's only eye witness to the robbery in question testified emphatically that she based her identification of the Petitioner solely on his presence in the store the first time that he robbed her."
The issue presented is, does a plea of not guilty, where the defendant offers no other defense, and where the witness made a positive identification based upon her observation of defendant at the first robbery, place his identity in issue, so as to justify admission of a separate and distinct subsequent offense. The answer is no. Admission of evidence of the subsequent robbery is reversible error.
Under our system of criminal law the indictment's purpose is to inform the defendant of the charges, and to limit and make specific the charges he will have to face at trial. If upon the trial of a fixed and separate charge, evidence of other separate and distinct offenses is permitted, the result is that the defendant is actually being tried for a series of crimes. Therefore, the general rule in this State is that evidence of distinct and independent offenses is not admissible in the trial of one accused of a crime. Brasher v. State, 249 Ala. 96,30 So.2d 31 (1947); Harden v. State, 211 Ala. 656, 101 So. 442
(1924).
The State contends this case falls within the identity exceptions. We disagree. This court said in Mason that there were exceptions to the general rule and summarized them as knowledge, intent, plan or design, motive, identity and inseparable crimes. On the matter of identity, Mason quoted Judge McElroy's The Law of Evidence in Alabama:
 "`All evidence tending to prove a person's guilt of the offense charged may loosely be said to identify him as the guilty person. But identity, as here *Page 710 
considered, assumes what may be called a "mark" upon the guilty person; and proposes to show that defendant is the person having that mark, as evidenced by its being there in his commission of another similar offense. Wigmore, Sec. 410-412. Thus, when it is shown that the person who committed the offense committed it in a novel and peculiar manner, it may be shown that the defendant committed other offenses in the same novel and peculiar manner. * * * But evidence of accused's commission of other offenses which does nothing more than indicate the accused's inclination or propensity to commit the type of crime charged is not admissible as tending to show identity.'"
We do not agree with the State's contention that this is an instance where the manner in which the defendant committed the offense is so unique or unusual as to operate as a mark or identification in itself. Lee v. State, 246 Ala. 69,18 So.2d 706 (1944). And, the facts of this case do not present any "novel or extraordinary means" employed during the commission of the robberies. Moreover, evidence of separate and distinct robberies was not introduced incidentally, as in Sims v. State,253 Ala. 666, 46 So.2d 564 (1950).
The case is most analogous to Boggs v. State, 268 Ala. 358,106 So.2d 263 (1958), where admission of evidence that the defendant probably stole the pistol which was used in the murder for which the defendant was being tried was held reversible error. The defendant entered a plea of not guilty but did not take the stand or present any witnesses. The court commented, "[a]nd, of course, the question of identity must be an issue in the case for such proof to be admissible." Likewise, in the instant case, merely entering a plea of not guilty without presenting any witnesses, or an alibi, or other defense, did not place identity in issue. The fact that the victim made a positive identification of the defendant, both in court and at a lineup, and testified that she did not have to rely on the subsequent encounter with the defendant to make those positive identifications, serves to strengthen the position that the introduction was erroneous.
 "Testimony seeking to connect the defendant with the commission of the offense charged, by proof of circumstances tending to show a different offense of a similar nature at a subsequent time, for which he is not on trial, is not admissible in evidence when the state has introduced evidence showing the commission of the offense charged, and the defendant's guilty connection therewith by direct, positive testimony of a specific act, which in itself constitutes the crime charged and the defendant's commission thereof."
(Emphasis added.) Baker.
We hold that the admission of evidence of the subsequent robbery does not fall within the exception to the general rule, and reverse the Court of Criminal Appeals.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
ALMON, J., not sitting.