The defendant was indicted and convicted for robbery in the first degree. Sentence was twenty-five years' imprisonment. The defendant argues that the trial judge erred in allowing the State to introduce, as part of its case in chief, evidence of a second robbery committed by the defendant.
The indictment charged the defendant with the robbery of Mary Pugh. In proving this charge, the State was allowed to introduce evidence that the defendant robbed Carol Wright shortly after the Pugh robbery. The evidence of the subsequent crime was admitted to prove the identity of the defendant under the rule that evidence of prior and subsequent crimes is admissible when such other crimes go to show the identity of the perpetrator of the now-charged offense. C. Gamble, McElroy's Alabama Evidence, Sections 69.01 (8), 70.01 (24)(c); Anno. 42 A.L.R.2d 854 (1955).
 "(T)he identity exception to the general exclusionary rule . . . contemplates the situation where the now-charged crime was committed in a novel and peculiar manner and the state is allowed to show that the accused has committed other similar offenses, in the same novel and peculiar manner, in order to show him the perpetrator of the now-charged crime." McElroy, Section 69.01 (8).
 I
The defendant argues, in substance, that the two robberies in this case were not committed in such a "novel and peculiar manner" as to warrant the invocation of the exception to the general rule excluding evidence of other crimes by the accused. True the two robberies were not committed in such a "novel or extraordinary means", as that phrase is ordinarily employed. However, the second robbery bears such a close resemblance to the charged robbery that its admission was proper. The two robberies were committed on the same night, within thirty minutes of each other and less than one mile apart. In both robberies the robber's appearance was similar, a pistol was used, the victims were both Auburn students, entrance into the apartment was gained the same way, the robber stated that he did not want any change the victims had, and, in both, he made the victims go into the bathroom and remain there until he had left. A significant factor was that in each robbery the robber had difficulty detaching the telephone cord from the wall outlet and the telephone. The total combination of circumstances involved in each robbery indicates that the robber was the same individual in each crime. The defendant had placed his "mark" or signature upon each offense.Williams v. State, 350 So.2d 708 (Ala. 1977).
 "Identity may be thought of as a quality of a person or thing — the quality of sameness with another person or thing. The essential assumption is that two persons or things are first thought of as existing, and then, because of common features, the one is alleged to be the same as the other.
 "The process of inference thus has two necessary elements: (1) it is a concomitant one, in its logical scheme (Section 130 supra); and (2) it operates by comparing common marks, found to exist in the two supposed separate objects of thought, with reference to the possibility of their being the same. It follows that its force depends on the necessariness of the association between the mark and a single object. . . ."
* * * * * *
 "For simplicity's sake, the evidential circumstance may thus be spoken of as `a mark'. But in practice it rarely occurs that the evidential mark is a single
circumstance. The evidencing feature is usually a group of circumstances, which as a whole constitute a feature capable of being associated with a single object. Rarely can one circumstance alone be so inherently peculiar to a single object. It *Page 957 
is by adding circumstance to circumstance that we obtain a composite feature or mark which as a whole cannot be supposed to be associated with more than a single object.
 "The process of construing an inference of identity thus usually consists in adding together a number of circumstances, each of which by itself might be a feature of many objects, but all of which together make it more probable than they coexist in a single object only." 2 Wigmore, Evidence Section 411 (Chadbourn rev. 1979).
The issue we are presently confronted with was addressed recently by the Supreme Court of Louisiana.
 "This court has previously sanctioned the use of other crimes evidence to prove identity of the perpetrator through use of system. See State v. Moore, 278 So.2d 781 (La. 1972). The threshold requirement for admissibility is that the instant crime and the other offense constitute `signature crimes'. This requirement is satisfied if the `modus operandi of the (other) offenses is so peculiarly distinctive that one must logically say that they are the work of the same person, i.e., they are "signature crimes."'" (Citations omitted) State v. Davis, 389 So.2d 71 (La. 1980)
 II The defendant also argues that the evidence of the second robbery committed by the defendant was not admissible during the State's case in chief.
The rule is that the "identity exception to the general exclusionary rule only becomes applicable when the identity of the person who committed the now-charged crime is in issue."McElroy, Section 69.01 (8). In Williams v. State, 350 So.2d 708
(Ala. 1977), the Supreme Court of Alabama held that where the accused offers no other defense beyond his plea of not guilty and the State's witness makes a positive identification based upon his observation of the accused at the scene of the first robbery, the identity of the accused is not in issue so as to justify the admission of evidence of a subsequent robbery: "Merely entering a plea of not guilty without presenting any witnesses, or an alibi, or other defense, did not place identity in issue."Williams, 350 So.2d at 710.
However, efforts by the defendant on cross examination of a witness to show mistake on the part of the witness in respect to the identity of the defendant places the defendant's identity in issue. Scott v. State, 150 Ala. 59, 43 So. 181 (1907), involved a prosecution for an unlawful sale of liquor made to Bossie McCondichie. At trial, Mr. McCondichie positively identified the defendant. On cross examination, the defendant sought to show that he was mistaken as to the defendant being the man who sold the whiskey to him. Our Supreme Court held:
 "In view of this effort to discredit the evidence of the witness in respect to the identity of the defendant, it was competent for the state to show other sales made by defendant at the same time and place to other witnesses who were examined by the state. The solicitor, it is true, elected to prosecute for the sale made to McCondichie and the defendant could not, after such election, be legally convicted for any other sale; but we do not understand that the evidence of other sales was offered for the purpose of asking a conviction on them, or that such conviction was insisted upon, but simply as corroborative of McCondichie's evidence as to the identity of the defendant — to show that it was he, and not another, who was vending the liquor." Scott, 150 Ala. at 63, 43 So. 181.
Here defense counsel attempted on cross examination to discredit Ms. Pugh's identification of the defendant as the robber.
Also, in this case the trial judge responded to the defendant's objection and argument that the evidence of the second robbery was inadmissible:
 "THE COURT: Mr. Sundock (Defense Counsel), you have argued (apparently on opening remarks), I believe, that your defense in this case would be . . . alibi. *Page 958 
"MR. SUNDOCK: Correct, Sir.
 "THE COURT: We could assume he could then introduce this in rebuttal if he wished. Rather than go through that route, because of the exceptions that say there are incidences in other crimes outside the one charged, are admissible, I overrule your objection."
In presenting an alibi defense, the identity of the defendant is placed in issue. Williams, supra; Johnson v. State, 242 Ala. 278,5 So.2d 632 (1941). Under Scott, the identity of the accused is also placed in issue when the defendant attempts by cross examination to discredit or impeach a witness's identification. Consequently, under either the holding of Williams or that ofScott, the State was properly permitted to present in its case in chief evidence of a subsequent robbery committed by the defendant.
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.