TYSON, Judge.
Ronnie Knight was indicted for rape in the first degree in violation of § 13A-6-61(a)(3). The jury found the appellant “guilty as charged in the indictment” and the trial judge sentenced him to 15 years’ imprisonment in the penitentiary.
The victim in this case testified that the appellant was her mother’s boy friend and that he lived with her. The victim stated that in September of 1984, while she was eleven years old, the appellant “touched” her and her mother told her that she had to have sex with this appellant. The victim testified that she had sex with the appellant and that she knows what “having sex” means. The appellant put his penis inside her on this occasion in September of 1984.
The appellant continued having sex with the victim until March of 1985 when the victim reported these incidents to her school teacher.
The victim did not become twelve years of age until December of 1984. She testified that the appellant was “about thirty-two” at the time of the trial.
I
The appellant contends the State was improperly allowed “to base its prosecution on proof primarily of sexual relations between the [appellant] and the [victim] which occurred after the act for which the [State] elected to prosecute.” (Appellant’s brief, p. 7). This contention is without merit.
The indictment in this case charges that the appellant, “a male, being sixteen years or older did engage in sexual intercourse with [the victim], a female less than twelve years old, in violation of § 13A-6-61(a)(3) of the Code of Alabama.” (R. 1). Prior to trial, the appellant requested the State to elect which incident of sexual intercourse it was seeking to prove under the indictment. The State elected to proceed on the incident which took place in late September of 1984. On two other occasions during the trial, the appellant was informed that the State had elected to proceed on the September, 1984 incident.
At trial, evidence was presented of the sexual intercourse incident in September of 1984, as well as other incidents of sexual intercourse which occurred up until March of 1985.
In a rape case, the State may introduce proof of sexual relations between the accused and prosecutrix before and after the act on which the prosecution is based. Ex Parte Deason, 363 So.2d 1001 (Ala.1978). However, the accused cannot be convicted on the other acts of sexual intercourse which are not the subject of the indictment. Deason, supra. Thus, an election is required by the State in such cases so that the accused will only be convicted for the offense charged in the indictment.
In the case at bar, the State clearly elected to proceed with the September of 1984 incident. The trial judge explicitly told the jury that the only question they could consider is “whether [the victim] was raped in September of 1984.” (R. 137). The trial judge stated that, even though evidence of other rapes was presented at trial, the appellant was only on trial for the rape in September, 1984. It is clear that the appellant’s conviction was based on proof of the September, 1984 incident. Thus, no error occurs here.
II
The appellant challenges the sufficiency of the evidence. The victim stated that the *714 appellant had sex with her in September of 1984. The victim was eleven years old at the time and the appellant was over sixteen years of age.
It was not improper for the State to ask the victim, who was twelve years old at the time of trial, whether the appellant put his penis inside her, even though it was a leading question. Cady v. State, 455 So.2d 101 (Ala.Crim.App.), cert. denied, 455 So.2d 101 (Ala.1984). This was sufficient to prove penetration. Cady, supra.
Thus, there was sufficient evidence presented by the State to sustain the appellant’s conviction. Harris v. State, 333 So.2d 871 (Ala.Crim.App.1976).
The record is free of error. The judgment below is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.