511 So.2d 951 (1987)
George BEAVERS
v.
STATE.
6 Div. 221.
Court of Criminal Appeals of Alabama.
June 30, 1987.
Kenneth H. Weldon of Bland, Bland & Weldon, Cullman, for appellant.
Don Siegelman, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
TYSON, Judge.
George Beavers was indicted for first degree rape in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant "guilty of rape, first degree." He was sentenced to 30 years' imprisonment in the state penitentiary.
*952 The prosecutrix testified that on August 6, 1986, she was living in the same apartment complex as the appellant and was 14 years old. She had known the appellant and his family for approximately three months prior to the alleged rape and had visited in their home on previous occasions.
The prosecutrix testified that on August 6, 1986, she visited the appellant's home. She arrived there at approximately 2:00 p.m. and began talking to the appellant and his wife. After a few minutes had passed, the appellant grabbed the prosecutrix and took her into a back bedroom. The appellant's wife instructed the couple's four children to remain in the living room and then followed the prosecutrix and the appellant into the bedroom.
The appellant then undressed the prosecutrix, ripping her blouse, and raped her. The prosecutrix testified that the appellant's wife assisted in restraining her. The prosecutrix testified that the appellant tried to have sexual intercourse with her for approximately one hour. She screamed and kicked in an attempt to escape.
The prosecutrix ran from the appellant's residence to her home next door at approximately 5:00 p.m. She reported the incident to police officials sometime in September, 1986. Since the day of the incident, the prosecutrix has not visited the appellant's residence.
Brenda Ford, a program administrator with the Regional Housing Authority, testified that she was in charge of the Fairview Apartments where the appellant and the prosecutrix lived on August 6, 1986. Sometime in September of 1986 the prosecutrix filed a complaint with Ms. Ford concerning the incident involving the appellant.
T.B. testified that she worked as a babysitter for the appellant from March through June of 1986. At that time she was 16 years old. She worked five days a week and was responsible for watching the children. The appellant's wife was pregnant at the time and both she and the appellant were at home during this period.
Ms. B. testified that in June or July of 1986 she was spending the night at the appellant's residence as part of her babysitting responsibilities. She had done this twice before. The appellant's wife and children were in the house and Ms. B. was sleeping in a bedroom with one of the appellant's children.
At approximately 12:00 midnight, the appellant came into the room and asked Ms. B. if she would have sex with him. She replied, "no", and the appellant attempted to have sexual intercourse with her. The appellant left the room a short time later after Ms. B "told him to quit." (R. 54) Ms. B. quit working for the appellant shortly after this incident.
The appellant testified that he never saw the prosecutrix on the day of the alleged incident. He admitted that Ms. B. had worked for him but denied that he had ever had sexual intercourse with her. He was working at a Mr. Hamby's residence on the day in question until approximately 3:00 p.m. He then drove to a restaurant and did not return to his home until approximately 4:00 p.m. He testified that Mr. and Mrs. Hamby visited his home that evening around 6:00 or 7:00 o'clock p.m. Mr. and Mrs. Hamby both testified, corroborating the appellant's alibi testimony.

I
The appellant contends that the trial court erred in allowing Ms. B. to testify concerning the alleged previous incident involving her. He argues that the evidence was introduced for the sole purpose of suggesting that he was more likely to have committed the crime charged here and, therefore, its admission constituted reversible error. We disagree.
This evidence was admissible as falling within the "identity exception" to the general rule precluding evidence of collateral crimes. See Lawrence v. State, 441 So.2d 1021 (Ala.Crim.App.1983); Thomas v. State, 409 So.2d 955 (Ala.Crim.App.1981); Primm v. State, 473 So.2d 547 (Ala.Crim. App.1984); Smith v. State, 409 So.2d 455 (Ala.Crim.App.1981). In Lawrence, this court noted:
"`[T]he identity exception seems to have taken on a more liberal definition when *953 the defendant is charged with a sex crime such as rape. In such cases the courts seem to allow proof of other similar crimes by the accused if they, in any way, go to identify him as the person who committed the now-charged crime.'"
441 So.2d at 1024 (quoting C. Gamble, McElroy's Alabama Evidence § 70.01(22)(b) (3d ed. 1977)).
As in Primm, supra at 554,
"The identity of defendant as the rapist was in issue in the instant case. The only evidence presented by defendant was to show by testimony as to an alibi that he was not the person who raped the alleged victim. What was held in Thomas v. State, Ala.Cr.App., 409 So.2d 955, cert. denied, Ala. (1982), in an opinion by Judge Bowen, now Presiding Judge, at 409 So.2d 957, is applicable and controlling in the instant case:
`The rule is that the "identity exception to the general exclusionary rule only becomes applicable when the identity of the person who committed the now-charged crimes is in issue." McElroy, Section 69-01(8). In Williams v. State, 350 So.2d 708 (Ala.1977), the Supreme Court of Alabama held that where the accused offers no other defense beyond the plea of not guilty and the State's witness makes a positive identification based upon his observation of the accused at the scene of the first robbery, the identity of the accused is not in issue so as to justify admission of evidence of a subsequent robbery. "Merely entering a plea of not guilty without presenting any witnesses, or an alibi, or other defense, did not place identity in issue." Williams, 350 So.2d at 710."
We stated in Thomas, supra at 958: "In presenting an alibi defense, the identity of the defendant is placed in issue." See Hogue v. State, 54 Ala.App. 682, 312 So.2d 86 (1975), and cases cited therein.
The collateral incident proved at trial was sufficiently similar to that which occurred in the instant case. The incidents, which occurred within approximately two months (at most) of each other, both involved the appellant and young teenagers with whom the appellant was acquainted. Both incidents occurred in the appellant's own home while his wife and children were there. The trial judge committed no error in this regard. See Whitley v. State, 37 Ala.App. 107, 64 So.2d 135 (1953). See also Smith v. State, 409 So.2d 455 (Ala.Crim. App.1982).

II
The appellant contends that the trial court erred in denying his motion for judgment of acquittal on the grounds that the State failed to prove a prima facie case. He argues that the State failed to prove the element of penetration.
The appellant's contention is unsupported by the record. When the State inquired as to this very fact, the prosecutrix clearly responded: "He did." (R. 19) The appellant objected to the State's question on the grounds that it was leading after the prosecution had responded. The trial judge overruled the appellant's objection. The prosecutrix then reaffirmed, several times, the fact that penetration had occurred. (R. 19) See Jackson v. State, 471 So.2d 516 (Ala.Crim.App.1985); Smith v. State, 368 So.2d 298 (Ala.Crim.App.1978), writ quashed, 368 So.2d 305 (Ala.1979). The State met its burden of proving a prima facie case. The trial judge, therefore, committed no error in denying his motion for judgment of acquittal. Harris v. State, 333 So.2d 871 (Ala.Crim.App. 1976).

III
The appellant contends that the trial court erred in overruling his objection to the State's use of a leading question during its direct examination of the prosecutrix concerning the issue of penetration. The appellant's contention is without merit.
This issue was not properly preserved for our review. The appellant objected to the State's question after the witness had responded. Tuck v. State, 384 So.2d 1240 (Ala.Crim.App.1980).
Moreover, it is well-settled that it is "`within the discretion of the trial court to *954 permit leading questions asked of an immature witness on direct examination by the party who called him'" Cady v. State, 455 So.2d 101 (Ala.Crim.App.1984) (quoting Gamble, supra § 121.05(8)) (emphasis added); Knight v. State, 495 So.2d 712 (Ala. Crim.App.1986). Although the record does not indicate the precise age of the prosecutrix at the time of trial, she could not have been over age 15 since she was 14 at the time of the incident in August, 1986 and the trial was held on November 17, 1986.
As we stated in Cady, supra, wherein the witness was 17 years old at the time of trial:
"Even though the witness was older than the witnesses in the cases cited, we believe the nearness of the age of the witness in the instant case to the ages of the witnesses in the cited cases [in Gamble, supra], whose answers to leading questions on direct examination were authoritatively approved, is a proper factor to be considered in this case; especially so, we think, because of the delicacy of the subject matter."

Cady, supra at 104 (emphasis added). See also Ray v. State, 248 Ala. 425, 27 So.2d 872 (1946) (leading questions on direct examination held proper where addressed to 14 year old child); Collins v. State, 364 So.2d 368 (Ala.Crim.App.), cert. denied, 364 So.2d 374 (Ala.1978) (leading questions held proper on direct examination where addressed to 16 year old who was mentally retarded). The trial judge did not abuse his discretion in allowing the State to use leading questions under these circumstances; therefore, no error occurred here. Cady, supra; Ray, supra.

IV
The appellant contends that the trial court erred in instructing the jury on rape in the second degree. He cites Allen v. State, 472 So.2d 1122 (Ala.Crim.App.1985) in support of his contention that rape in the second degree is not a lesser included offense of rape in the first degree, therefore, the judge's jury charge, under this indictment, which charged only rape in the first degree, constituted reversible error. We disagree.
This appellant was charged with "forcible compulsion" rape under § 13A-6-61(a)(1), Code of Alabama 1975. The court charged on second degree rape under § 13A-6-62(a)(1). The evidence supported this charge since the appellant was clearly over 16 years old and the victim was 14 years old at the time. Had the jury concluded that no forcible compulsion existed then, under the evidence, it would have been authorized to convict the appellant of second degree rape under the evidence presented. See Sharpe v. State, 340 So.2d 885 (Ala.Crim.App.), cert. denied, 340 So.2d 889 (Ala.1976).
In Allen, supra, the appellant was charged in the indictment with a violation of § 13A-6-61(a)(3), and not forcible compulsion rape under § 13A-6-61(a)(1), as was the case here. Based on the differing age factors under the two statutes, and in light of the specific offense charged in that particular indictment, we held that second degree rape was not a lesser included offense of first degree rape. We stated:
"The appellant further contends that rape in the second degree is a lesser included offense of rape in the first degree and, therefore, a second trial was barred.
"We do not agree. In the context of the offenses for which the appellant was indicted, rape in the first degree requires proof that the victim is less than 12 years old while rape in the second degree requires proof that the victim is less than 16, but more than 12 years old. Therefore, rape in the second degree is not a lesser included offense of rape in the first degree, since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense)."
Allen, supra at 1125.
Where, as here, the indictment charges forcible compulsion rape in the first degree, and the evidence supports a charge on rape in the second degree, a jury charge on rape in the second degree is not erroneous *955 since the proof necessary here to establish rape in the first degree of necessity established every element of rape in the second degree. Based on the particular facts of this case, the trial judge committed no error in charging on rape in the second degree. Sharpe, supra.
Furthermore, we note that this appellant was not convicted of the lesser included offense of rape in the second degree, but was, instead, convicted of the crime with which he was originally charged (first degree). It is well settled that a defendant cannot complain about charges concerning an offense for which he was not convicted. Ward v. State, 153 Ala. 9, 45 So. 221 (1907). Assuming arguendo that, even had the trial judge erred in giving the instruction on second degree rape, the error would have been harmless. Rule 45, A.R.A.P. See Crowder v. State, 476 So.2d 1241 (Ala. Crim.App.1985); Phillips v. State, 443 So.2d 1328 (Ala.Crim.App.1983).
For the above-stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
TAYLOR, PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion.
BOWEN, Presiding Judge, dissenting.
In Issue I of its opinion, the majority holds that evidence of the appellant's attempt to have sexual intercourse with Ms. B was admissible under the identity exception to the general rule prohibiting evidence of collateral crimes or acts. That holding is an unwarranted and unjustified expansion of the identity exception. Here, the two crimes are not of sufficient similarity to satisfy the predicate for application of the identity exception.
"The rationale behind the identity exception is that a collateral crime or act may be so similar to the one with which the defendant is charged that evidence of that crime or act would help identify the defendant as the one who committed the crime charged." W. Schroeder, J. Hoffman, R. Thigpen, Alabama Evidence § 4-4(b)(2) (1987) (hereinafter cited as Alabama). The identity exception to the exclusionary rule is "specific" in that "it contemplates the situation where the now-charged crime was committed in a novel and peculiar manner and the state is allowed to show that the accused has committed other similar offenses, in the same novel and peculiar manner, in order to show him the perpetrator of the now-charged crime." C. Gamble, McElroy's Alabama Evidence § 69.01(8) (3rd ed. 1977) (hereinafter cited as McElroy). See also Annot., 2 A.L.R.4th 330, § 5 (1980).
"The Alabama Court of Criminal Appeals has adopted the phrase `signature crimes' to describe the type of collateral crimes or acts that may be used for identity purposes. Under this test, mere similarity is not enoughthere must be something `novel' or `peculiar' about the offenses that renders them so similar `that anyone viewing the two offenses would naturally assume them to have been committed by the same person.' No particular number of points of similarity is required but isolated factors cannot be taken out of context and reasonable proximity in time appears essential." Alabama § 4-4(b)(2).
In this case, it cannot reasonably be argued that the two crimes are "signature crimes." The Attorney General candidly admits this fact in brief:
"The `identity' exception has come to mean a `signature crime' or that the crime has been committed in a unique manner which leaves a `mark' upon the guilty person. Ex parte Williams, 350 So.2d 708 (Ala.1977). The only similarities the state can offer are that both victims were teen-aged girls, both knew the defendant well and trusted him, both rapes occurred in the Defendant's house while his children were in the house. In the charged crime, the Defendant's wife was allegedly involved but this is not so in the collateral crime." Appellee's brief, at p. 5.
In determining whether or not the identity exception is applicable, the entire circumstances surrounding both the charged crime and the collateral act must be compared *956 with the similarities and dissimilarities of the two acts being weighed and considered. Ex parte Arthur, 472 So.2d 665, 668-69 (Ala.1985). Examining the circumstances in these two cases reveal few similarities (general location and approximate temporal proximity) and glaring dissimilarities (wife-accomplice participation, appellant's reaction to victim's resistance).
The charged crime involved a fourteen-year-old victim. The rape occurred in the afternoon of August 6, 1986, when the prosecutrix was visiting the appellant and his wife. In his living room and in the presence of his wife and four children, the appellant grabbed the prosecutrix, picked her up and carried her to a bedroom where he sat on top of her and ripped off her blouse. The attack lasted about two hours. The prosecutrix resisted by kicking and screaming. The appellant's wife held the victim's hands during this time and "messed" with her breasts. The appellant told the prosecutrix that "if she told anybody he would do it again."
The other offense occurred around midnight in June or July of 1986. The victim, Ms. B, was a sixteen-year-old girl who regularly babysat for the appellant. She was spending the night at the appellant's apartment. Ms. B testified that everyone had gone to bed when the appellant entered her room and "asked me to have sex with him and I told him no, so, he got on top of me and he pulled my clothes off of me and he tried to have sex with me, he tried to, he didn't go all the way." She stated that she "told him to quit and he walked out of the room." She testified that she told him to quit one time.
McElroy observes that "the identity exception seems to have taken on a more liberal definition when the defendant is charged with a sex crime such as rape. In such cases the courts seem to allow proof of other similar crimes by the accused if they, in any way, go to identify him as the person who committed the now-charged crime." McElroy § 70.01(22)(b).
Explanation has been advanced for the liberal extension of the exception in sex crimes to show the "accused's specific emotional propensity," State v. McDaniel, 80 Ariz. 381, 298 P.2d 798 (1956), or his "emotional predisposition or passion," Hodge v. United States, 75 U.S.App.D.C. 332, 126 F.2d 849 (1942). The Alabama Supreme Court specifically rejected such a position in Brasher v. State, 249 Ala. 96, 100, 30 So.2d 31 (1947), which held that the prosecution may not "introduce evidence of other offenses committed by the accused with third persons for the purpose of identification when such evidence merely tends to show disposition, inclination, propensity or depravity." The liberalization of the identity exception in all "sex cases" is simply not justified. "Although in some types of sex offenses and under some circumstances there may be justification in this approach, there is a grave question whether the distinction as frequently applied is not the result of an emotional rather than a logical approach to the issue." Commonwealth v. Boulden, 179 Pa.Super 328, 116 A.2d 867, 873 (1955). See also Jenkins v. State, 472 So.2d 1128, 1130 (Ala.Cr.App.1985) ("`That commonly held behavioral prejudices about those who perpetrate sex crimes, mistakingly assuming that the commission of one type of sex crime predisposes to another kind, are often unfounded has been well documented.'").
It appears that once again this Court expands the identity exception to the extent it swallows the rule. In Ex parte Darby [Ms. 85-1064, June 5, 1987] (Ala. 1987), our Supreme Court reversed this Court and held:
"The court then proceeded, however, to expand an exception to the extent that it swallowed the rule. Exceptions come into play where there is a question of the identity of the defendant as the perpetrator of the alleged crime or where there is a question of intent, motive, physical capacity, or knowledge. The identity exception allows evidence of uniquely similar prior crimes of which the defendant has been convicted so as to provide circumstantial evidence that the defendant in fact committed the crime being prosecuted. In other words, where the modus operandi of the crime at trial is characteristically *957 similar to that used by the defendant on prior occasions, evidence of the prior crimes may be used to connect the defendant to the crime at issue." (Emphasis in original).
Evidence of the attempted rape of Ms. B should not have been admitted at the appellant's trial for the rape of the prosecutrix because the two crimes were so dissimilar. I would not create a "sex crime" exception to the identity exception to the general rule excluding evidence of offenses not charged in the indictment.