The collateral robbery occurred 31 days before the robbery charged in this case. Both robberies occurred at night and both occurred in the vicinity of Leo's Lounge in Prichard. The persons robbed were outside. *Page 681 
In the robbery at issue, the male victim emptied his pockets upon demand by the robbers and gave them his cash and car keys. His friend's purse was in his car, and her wallet, which was inside her purse, was taken. In the collateral robbery, the robbers took the female victim's purse and reached into her male companion's pocket to take anything there.
The male victim of the charged robbery testified at Baker's trial. The defense challenged his ability to identify the defendant, Willie Baker, as the robber, and this challenge put the identity of the robber at issue.
In my opinion, this is the classic situation of when the decision to allow or not to allow evidence of collateral crimes or acts as part of the State's case rests in the sound discretion of the trial court. Thomas v. State, 409 So.2d 955 (Ala.Crim.App. 1981); Jones v. State, 460 So.2d 1384 (Ala.Crim.App. 1984).
I would affirm the judgment of the Court of Criminal Appeals; therefore, I dissent.
Hooper, C.J., concurs.